The Honorable Mike Bearden State Senator P.O. Box 1824 Blytheville, AR 72316
Dear Senator Bearden:
This is in response to your request for an opinion regarding A.C.A. § 20-29-105 (Repl. 1991), which is part of the Arkansas Manufactured Home Recovery Act ("the Act").
As originally enacted, Section 20-29-105 stated that the damages awarded to an aggrieved party by the Manufactured Home Commission would be limited to "actual, compensatory damages. . . ." See
Acts 1987, No. 346, § 3. Act 373 of 1991, Section 2, amended this language to state that the amount of damages shall be limited to "the actual cost of repairs to the manufactured home. . . ." A.C.A. § 20-29-105(b) (Repl. 1991). The following questions have been posed:
 Is the 1991 Amendment retroactive? Are aggrieved parties, damaged before 1991, who did not have their manufactured home repaired, now unable to recover against the Fund?
It is my opinion that the 1991 act is retroactive, that is, the measure of damages set forth under the 1991 amendment will apply to violations prior to the act's passage that would have resulted in an award of damages. The fact that the violation occurred prior to 1991 and that the manufactured home has not yet been repaired will not prevent an award of damages as long as the claim would have been remedied under the prior, 1987 act. The 1991 act will, however, in my opinion, govern the award in the event a claim is made, and will limit it to the "actual cost of repairs."
This conclusion is compelled by the fact that the 1991 amendment is remedial. See generally Forrest City Machine Works v.Aderhold, 273 Ark. 33, 616 S.W.2d 720 (1981). It does not disturb vested rights or create new obligations, but only supplies a new remedy to enforce an existing right or obligation. The rule by which statutes are construed to operate prospectively only does not ordinarily apply to procedural or remedial legislation. Id. It has been stated that no one has a vested right to a particular remedy. Id. A modification of remedies is thus generally considered a valid area of retroactive legislation.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh